1
2
3
4
5          *E-FILED - 9/11/08*
6
7
8
9          IN THE UNITED STATES DISTRICT COURT
10
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
12   TRISTAN V. HARVEY,                    )      No. C 08-2947 RMW (PR)
                                           )
13            Petitioner,                  )      ORDER GRANTING MOTION
                                           )      TO STAY HABEAS PETITION;
14                                         )      INSTRUCTIONS TO CLERK
        vs.                                )
15                                         )      (Docket No. 2)
                                           )
16   M. C. KRAMER, Warden,                 )
                                           )
17            Respondent.                  )
     _____)
18
           Petitioner, a California prisoner proceeding pro se, filed this petition for a writ of habeas
19
     corpus pursuant to 28 U.S.C. § 2254.  Petitioner filed the petition alleging exhaustion of one
20
     constitutional claim on June 12, 2008.  On that same date, petitioner filed a "motion for
21
     stay/abeyance and leave to amend petition for writ of habeas corpus," asking this court to stay
22
     the petition while petitioner exhausts additional claims in state court (docket no. 2).  Petitioner
23
     alleges that he intends to exhaust additional constitutional claims.
24
                                         **BACKGROUND**
25
           A Marin County Superior Court jury convicted petitioner of robbery, assault, false
26
     imprisonment, and great bodily injury.  On March 23, 2005, he was sentenced to nine years.  On
27
     direct appeal, the state appellate court affirmed the judgment in 2007.  The state supreme court
28
     denied a petition for review that same year.  Petitioner filed the instant federal habeas action on

1  June 12, 2008.  Concurrently, petitioner filed a motion to stay and hold his petition in abeyance.

2  **DISCUSSION**

3  Petitioner has filed a motion to stay his fully exhausted petition in order to raise four

4  unexhausted claims in state court.  Specifically, petitioner states that he filed his petition raising

5  one exhausted claim because he understood that a mixed petition would be dismissed.  Further,

6  he did not want to violate the one-year statute of limitations deadline under the Antiterrorism and

7  Effective Death Penalty Act ("AEDPA"), so elected to file a fully exhausted petition.  However,

8  he wishes to raise four other claims that have not yet been exhausted, so requests a stay of the

9  presently filed petition and subsequent amendment once the new claims are exhausted.

10  It is well-settled that a district court has the discretion to hold in abeyance a petition

11  containing only exhausted claims.  Calderon v. United States Dist. Court (Thomas), 144 F.3d

12  618, 620 (9th Cir. 1998); Calderon v. United States District Court (Taylor), 134 F.3d 981, 988

13  (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir. 1997).  However, the

14  Ninth Circuit has held that its holding in Taylor in no way granted "district courts carte blanche

15  to stay even fully exhausted habeas petitions."  Taylor, 134 F.3d at 988 n.11.  Rather, a stay

16  should be granted in exceptional cases only:  (1) the claims the petition seeks to pursue must be

17  cognizable under § 2254; (2) there must be a likelihood of prejudice to the petitioner should a

18  stay be denied; and (3) there must be no evidence that the motion for a stay is brought to delay,

19  to vex, or harass, or that the request is an abuse of the writ.  See Fetterly v. Paskett, 997 F.2d

20  1295, 1301-02 (9th Cir. 1993); see also Greenawalt, 105 F.3d at 1274.  In addition, a district

21  court cannot stay habeas proceedings indefinitely pending exhaustion in state court as to do so

22  would make this court's compliance with the AEDPA's requirement for prompt resolution of

23  § 2254 petitions impossible.

24  Here, petitioner's proposed unexhausted claims appear to be potentially cognizable under

25  § 2254.  Further, there is a likelihood of prejudice should a stay be denied because the claims

26  may be foreclosed under the AEDPA's statute of limitations.  Additionally, the court notes that

27  respondent has yet to file an answer to the petition.  Thus, petitioner does not appear to be

28  intentionally delaying this action.  Accordingly, petitioner's motion to stay the instant petition

1    (docket no. 2) is GRANTED.  This action is hereby STAYED until thirty days after the

2    California Supreme Court's final decision on petitioner's claims, as set forth below.

3           Accordingly, the Court orders as follows:

4           1.     Petitioner's motion for a stay is GRANTED.  This action is hereby STAYED

5    while petitioner exhausts his unexhausted claims in the state courts.

6           **2.     If petitioner wishes to have this court consider any of his unexhausted claims,**

7    **he must properly present those claims to the California Supreme Court within thirty days**

8    **of the date this order is filed.  Thereafter, within thirty days of the California Supreme**

9    **Court's decision, he must file an amended petition in this court setting forth his newly**

10   **exhausted claims in addition to any previously exhausted claims he still wishes to have this**

11   **Court consider.**

12          3.     The amended petition must include the caption and civil case number used in this

13   order (No. C-08-2947 RMW (PR)) and the words FIRST AMENDED PETITION on the first

14   page.  The amended petition supersedes the original petition, and petitioner may not incorporate

15   material from the prior petition by reference.  The amended petition must only include exhausted

16   claims, and it must forth <u>all</u> the claims petitioner wishes this court to consider with sufficient

17   clarity and particularity for respondent to prepare an answer.

18          4.     This stay will be lifted, and this matter will proceed, only upon the filing of the

19   above-described amended petition, or a notice that petitioner has decided to abandon his

20   unexhausted claims and wishes to proceed only with the exhausted claims in the original

21   petition.  If petitioner does not take any further action, this case will remain stayed and he will

22   not receive any ruling by the court on his petition.

23          The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action,

24   and terminate Docket No. 2.  This has no legal effect; it is purely a statistical procedure.  When

25   petitioner informs the court that exhaustion has been completed the case will be administratively

26   re-opened.

27   ///

28   ///

1    IT IS SO ORDERED.

2    DATED:    9/10/08                    *Ronald M. Whyte*

3                                         RONALD M. WHYTE
                                          United States District Judge