*E-FILED - 10/27/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISTAN V. HARVEY, | No. C 08-2947 RMW (PR) |
| Petitioner, | ORDER RE-OPENING CASE; ORDER TO SHOW CAUSE |
| vs. | |
| M. C. KRAMER, Warden, | |
| Respondent. | |

Petitioner, a California prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the petition alleging exhaustion of one constitutional claim on June 12, 2008. On that same date, petitioner filed a "motion for stay/abeyance and leave to amend petition for writ of habeas corpus," asking this court to stay the petition while petitioner exhausts additional claims in state court. On September 11, 2008, the court granted petitioner's motion to stay the petition pending exhaustion of his claims in the state supreme court in order for him to exhaust his additional claims in state court.

On September 26, 2008, petitioner filed a first amended petition and notified the court that the state supreme court denied his state habeas petition on September 17, 2008. See first amended petition, Exhibit E. Accordingly, the court will RE-OPEN the instant action and order respondent to show cause why the amended petition should not be granted.

Order Re-Opening Case; Order to Show Cause
P:\PRO-SE\SJ.Rmw\HC.08\Harvey947reopen.wpd        1

**BACKGROUND**

A Marin County Superior Court jury convicted petitioner of robbery, assault, false imprisonment, and great bodily injury. On March 23, 2005, he was sentenced to nine years. On April 30, 2007, the state appellate court affirmed the judgment. On July 18, 2007, the state supreme court denied a petition for review. On May 18, 2008, petitioner filed a state habeas petition in Marin County Superior Court, which was denied on June 18, 2008. On July 31, 2008, California Court of Appeal denied petitioner's application without comment. On September 17, 2008, California Supreme Court denied discretionary review.

**DISCUSSION**

A.   <u>Standard of Review</u>

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.   <u>Petitioner's Claims</u>

As grounds for federal habeas relief, petitioner claims: (1) the trial court's exclusion of the victim's previous misidentification was objectively unreasonable because the exclusion denied petitioner of his federal constitutional right to confront the only percipient witness against him and to present his defense of mistaken identity; (2) the trial court committed prejudicial error by instructing the jury with a legally incorrect alternative aiding and abetting theory that omitted the personal infliction element of Penal Code Section 12022.7, in violation of controlling Supreme Court law; (3) petitioner's conviction for first degree robbery in a dwelling house is not supported by substantial evidence because it omits the material element of habitation, in violation of controlling Supreme Court law; and (4) it was reversible error to instruct the jury pursuant to CALJIC No. 17.20 because it allowed the jury to find petitioner

1  guilty without meeting the statutorily required elements of Penal Code Section 12022.7, in
2  violation of petitioner's due process rights.  Liberally construed, petitioner's allegations are
3  sufficient to require a response.  The court orders respondent to show cause why the petition
4  should not be granted.

## CONCLUSION

6      1.    The clerk shall administratively RE-OPEN this action.

7      2.    The clerk shall serve by mail a copy of this order and the first amended
8  petition, filed on September 26, 2008, and all attachments thereto upon the respondent and the
9  respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve
10 a copy of this order on the petitioner.

11     3.    Respondent shall file with the court and serve on petitioner, within **sixty**
12 **days** of the filing date of this order, an answer conforming in all respects to Rule 5 of the Rules
13 Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be
14 granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of
15 the state trial record that have been transcribed previously and that are relevant to a
16 determination of the issues presented by the petition.

17     If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
18 court and serving it on respondent within **thirty days** of the filing date of the answer.

19     4.    Respondent may file a motion to dismiss on procedural grounds in lieu of an
20 answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section
21 2254 Cases within **sixty days** of the filing date of this order.  If respondent files such a motion,
22 petitioner shall file with the court and serve on respondent an opposition or statement of non-
23 opposition within **thirty days** of the filing date of the motion, and respondent shall file with the
24 court and serve on petitioner a reply within **fifteen days** of the filing date of any opposition.

25     5.    It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that
26 all communications with the court must be served on respondent by mailing a true copy of the
27 document to respondent's counsel.  Petitioner must keep the court and all parties informed of any
28 change of address by filing a separate paper captioned "Notice of Change of Address."  He must

1  comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal
2  of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).
3      IT IS SO ORDERED.
4  DATED: __10/22/08__          *Ronald M. Whyte*
                                 _____
                                 RONALD M. WHYTE
5                                United States District Judge